UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,         )
                                  )
                                  )
                                  )
vs.                               )   CRIMINAL ACTION
                                  )   NO. ~~04-1797-CBS~~ 04-10195
DANIEL GOMES,                     )
          Defendant,              )
_____)

DOCKETED

ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION
September 1, 2004

SWARTWOOD, M.J.

I. Background

On June 22, 2004, a Criminal Complaint was filed, charging Daniel Gomes, ("Mr. Gomes"), with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).

Mr. Gomes appeared for his initial appearance on June 24, 2004, and at that time was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment),(f)(1)(C)(Mr. Gomes is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), (f)(1)(D) (Mr. Gomes is charged with a felony and has been convicted of two

or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1)(A), or two or more state of local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed) and (f)(2)(A)(risk of flight).

On June 24, 2004, a consolidated probable cause/detention hearing was held and at the beginning of that hearing, Mr. Gomes agreed that if probable cause were found, he would assent to an Order of Detention, but reserve his right to a detention hearing in the future. A probable cause hearing then ensued and on June 28, 2004, I issued a Memorandum finding probable cause for the offense charged against Mr. Gomes in this Complaint. Mr. Gomes has now requested a detention hearing which was held on August 30, 2004.

## II.  Findings of Fact

I adopt and incorporate as findings of fact those findings contained in the Memorandum of Probable Cause dated June 28, 2004.

## III.  The Bail Reform Act

### A.  Discussion of the Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18

U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e). The Supreme Court, in <u>United States v. Salerno</u>, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." <u>Id.</u> at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. <u>See</u> 18 U.S.C. § 3142 (f); <u>United States v. Jackson</u>, 823 F.2d 4-5 (2d Cir. 1987); <u>United States v. Berrios-Berrios</u>, 791 F.2d 246, 250 (2d Cir. 1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). <u>See also United States v. Patriarca</u>, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained.

First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142(f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense

4

described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

1. the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. the weight of the evidence against the person;

5

> 3.  the history and characteristics of the person, including:
>
>     (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>     (b) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

### IV. Discussion of Whether Detention is Warranted

#### A. Mr. Gomes' History and Characteristics

Mr. Gomes was born in New Bedford, Massachusetts, on September 24, 1978 and has lived in the New Bedford community his entire life.

Mr. Gomes has no contact with his father and his mother died of cancer in 2001. Mr. Gomes has a sister, Yolanda, who is twenty-six years of age, single, has two children and resides in New Bedford.

For the past three years, Mr. Gomes has resided with his fiancee and her four year old son. Mr. Gomes' fiancee resides in a two family house owned by her and her sister. Prior to residing

with his fiancee, Mr. Gomes resided primarily with his mother and for a two month period with his sister.

At the time Mr. Gomes was arrested in connection with this Complaint, he was employed as a landscaper and has been so employed since 2002. It appears that if Mr. Gomes were released, he would be offered employment by this landscaping company. Defs. Ex. A.

Mr. Gomes has a substantial criminal record which I summarize, in relevant part, as follows:

| **Date** | **Offense** | **Disposition** |
|---|---|---|
| 11/21/95 | Operating to endanger | 1/5/96 - six months, suspended sentence to 1/6/98. 9/13/96 - violation of probation, committed. |
| 11/21/95 | Leaving the scene causing property damage | 1/5/96 - six months suspended sentence to 1/6/98. 9/13/96 - violation of probation, committed. |
| 11/21/95 | Knowingly receiving stolen property | 1/5/96 - six months suspended sentence to 1/6/98. 9/13/96 - violation of probation, committed. |

7

| | | |
|---|---|---|
| 5/30/96 | Conspiracy to violate the Controlled Substances Act | 9/13/96 - guilty, eighteen months split sentence, nine months committed balance suspended to 9/14/98.<br>8/29/97 - violation of probation, committed. |
| 5/30/96 | Conspiracy to violate the Controlled Substances Act | 9/13/96 - guilty, eighteen months split sentence, nine months committed balance suspended to 9/14/98.<br>8/29/97 - violation of probation, committed. |
| 5/30/96 | Distribution of a Class D controlled substance | 9/13/96 - guilty, eighteen months split sentence, nine months committed balance suspended to 9/14/98.<br>8/29/97 - violation of probation, committed. |
| 5/29/97 | Possession to distribute a Class D controlled substance | 8/29/97 - guilty, eighteen months split sentence, nine months committed balance suspended to 8/27/99.<br>7/20/98 - violation of probation, nine months committed. |
| 4/10/98 | Assault and battery | 7/20/98 - eighteen months committed. |

| | | |
|---|---|---|
| 5/11/98 | Possession to distribute a Class B controlled substance | 7/20/98 - eighteen months committed. |
| 6/2/98 | Assault and battery on a police officer | 7/20/98 - eighteen months committed. |
| 6/2/98 | Assault and battery on a police officer | 7/20/98 - eighteen months committed. |
| 9/16/99 | Possession of a Class B controlled substance | 10/21/99, guilty, six months sentence suspended to 10/20/00. 2/17/00 - violation of probation, six months committed. |
| 12/14/99 | Possession of a Class D controlled substance | 2/28/00 - guilty, nine months committed. |
| 10/12/01 | Carrying a dangerous weapon | 3/26/02, guilty, six months suspended sentence to 3/25/03; 4/12/02, violation of probation, six months committed. |

Additionally, in April 1996 a civil restraining order was issued against Mr. Gomes and Mr. Gomes has two outstanding charges pending against him in the New Bedford District Court.

C. <u>Nature of the Offense and Weight of the Evidence</u>

I have previously found probable cause for the offense charged against Mr. Gomes in this Complaint. On April 2, 2004, Mr. Gomes drove another individual to a prearranged rendevous point where

that other individual sold a cooperating witness ("CW") 10.07 grams of crack cocaine. This transaction was monitored and recorded. On April 6, 2004, the CW talked to Mr. Gomes, who assured the CW that a prearranged sale of crack cocaine would occur and Mr. Gomes was present when another individual delivered 24.88 grams of crack cocaine to the CW. This transaction was also monitored and recorded. Mr. Gomes was involved in a third transaction for the sale of 14.36 grams of crack cocaine. This transaction was monitored and recorded and Mr. Gomes was later identified as the driver of the vehicle which delivered the crack cocaine to the CW. Therefore, the weight of the evidence against Mr. Gomes is substantial.

### D.   Rebuttable Presumption

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C), (f)(1)(D) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Gomes were released, or the appearance of Mr. Gomes as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case, because Mr. Gomes is charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act. I have found probable cause exists for the offense charged against Mr. Gomes in the

Complaint. Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Gomes or the safety of the community if he were released. I find that Mr. Gomes has not produced nor proffered any credible evidence on his behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985); <u>United States v. Vires</u>, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Gomes has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that they pose a danger to the community and a risk of flight.

E. <u>Burden of Proof</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C), (f)(1)(D) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Gomes were released, or the appearance of Mr. Gomes as required.

The Government's burden of proof is by:

(1) *Clear and convincing evidence* that Mr. Gomes, if released, would pose a serious danger to any person or the community, or

11

(2) A *preponderance of the evidence* that Mr. Gomes, if released, would not appear as required.

F. <u>Whether Mr. Gomes Poses A Danger to the Community</u>

Mr. Gomes has been convicted on six separate occasions for drug related offenses and many of those offenses occurred while he was serving a suspended sentence. Mr. Gomes' criminal record alone justifies detention. Additionally, Mr. Gomes has been charged with assault and battery, two separate counts of assault and battery on a police officer and carrying a dangerous weapon. Some of these offenses also occurred while Mr. Gomes was serving a suspended sentence. More importantly, Mr. Gomes has been committed, on five separate occasions, for violation of probation. Therefore, considering the offense charged against Mr. Gomes in this Complaint, Mr. Gomes' prior criminal record for convictions of drug related offenses and crimes of violence and the fact that Mr. Gomes committed offenses while serving a suspended sentence, I find by clear and convincing evidence that Mr. Gomes poses a danger to the community and that there are no conditions or combination of conditions that I can impose that will assure the safety of any person or persons in the community if he were released.

G. <u>Whether Mr. Gomes Poses A Risk Of Flight</u>

The Government argues that Mr. Gomes faces a potential minimum/mandatory sentence of ten years if convicted of the offenses charged in this Complaint. Although a ten year

12

minimum/mandatory sentence may be an incentive to flee, Mr. Gomes has lived his entire life in New Bedford and he has no known contacts outside of New Bedford.  Mr. Gomes' only relative, his sister, lives in New Bedford as does his fiancee and her child. Although Mr. Gomes has a record of defaults, I cannot be certain that those defaults are as a result of his failure to appear or are the result of failure to pay fines.  Therefore, I am not prepared to find by preponderance of the evidence that Mr. Gomes poses a risk of flight and therefore, will not detain him on this ground.

V.   Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Gomes be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Gomes be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Gomes is detained and confined shall deliver Mr. Gomes to an authorized Deputy United States

Marshal for the purpose of any appearance in connection with a court proceeding.

### RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/S/CHARLES B. SWARTWOOD, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE