## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 04-10195-PBS** |
| | ) | |
| **DANIEL GOMES** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE FROM ILLEGAL STOP AND SEARCH OF AUTOMOBILE ON APRIL 27, 2004

### Factual Background

On April 27, 2004, defendant Daniel Gomes was driving a car. Gomes stopped at the stop sign at the corner of Campbell Street and Pleasant Street. He saw a police cruiser stopped on Pleasant Street, and indicated it should go, but the officer signaled Gomes to go instead. Gomes turned on his signal, and made a right turn onto Pleasant Street. He proceeded along Pleasant Street to Maxfield Street, where he again signaled and turned right. He was followed by the police car during this trip, and through the turn. The police cruiser continued to follow as Gomes made two more right turns onto State Street and Sycamore Street, and then pulled Gomes over more or less in front of his friend's house. Gomes signaled appropriately at each turn.

After stopping Gomes' vehicle, the police officer approached and demanded Gomes' license and registration, which were provided. Gomes asked why he had been pulled over, and the officer refused to provide a reason. The officer took the license and registration back to his cruiser, and returned a few minutes later. He gave the license and registration back to Gomes, and still declined to give any reason for the stop, but did not write any citation, nor was any police report written.

## Legal Argument

"[S]topping an automobile and detaining its occupants constitute a 'seizure' within the meaning of [the Fourth and Fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). "The fact that a defendant [was] a passenger in a vehicle as opposed to the driver is a distinction of no consequence." *United States v. Kimball*, 25 F.3rd 1, 5 (1st. Cir. 1994). "[E]ach occupant of a car has a right to challenge the propriety of a traffic stop under the Fourth Amendment." *United States v. Woodrum*, 202 F.3d 1, 6 (1st Cir. 2000). Under the Fourth Amendment, police officers may only "stop a moving automobile to investigate their *reasonable suspicion* that the vehicle's occupants were, are, or will be engaged in criminal activity." *Kimball*, 25 F.3d at 6 (emphasis in original; citations omitted). To justify a claim of reasonable suspicion, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion" on the defendant's rights. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). "In determining whether a challenged stop is reasonable, and thus, falls within the range of permissible investigatory stops, [the court must] engage in a two-step inquiry, asking '(1) whether the officer's action was justified at its inception'; and '(2) whether it was reasonably related in scope to the circumstances justifying the interference in the first place.'" *Flowers v. Fiore*, 359 F.3d 24, 32 (1st Cir. 2004) (citations omitted).

Here, the police officer did not have a reasonable suspicion justifying the initial stop of the car in which the defendant was riding. There is no hint of a rationale for suspecting that the occupants of the automobile had committed any crime. Indeed, there is no crime alleged of which they could have been suspected. Nor is there any indication that there was a traffic

violation of any sort which would justify the stop. The car was simply stopped, for no reason. The fact that defendant was the person driving the car is illegally obtained evidence, and must be suppressed.

The Supreme Court's decision in *INS v. Lopez-Mendoza*, 468 U.S. 1032 (1984), is inapposite. In that case, the respondent in an immigration case mounted a jurisdictional challenge to his being "summoned to a deportation hearing following an unlawful arrest. [He] offered no objection to the evidence offered against him." *Id.* at 1040. The Ninth Circuit reversed the decision of the Board of Immigration Appeals, which had held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *Id. (citing Gerstein v. Pugh*, 420 U.S. 103, 119 (1975); *Frisbie v. Collins*, 342 U.S. 519, 522 (1952); *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)). In reversing the Ninth Circuit, the Supreme Court noted that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest." *Id.* at 1039. As the procedural history of that case makes clear, this "statement about the suppression of identity only refers to jurisdictional challenges," not to Fourth Amendment challenges of identity-related evidence in criminal cases. *United States v. Guevara-Martinez*, 262 F.3d 751, 754 (8th Cir. 2001); *United States v. Rodriguez-Arreola*, 270 F.3d 611, 618 (8th Cir. 2001).

Furthermore, Gomes is not attempting to suppress "the fact of his identity," as the defendant attempted to do in *United States v. Guzman-Bruno*, 27 F.3d 420, 422 (9th Cir. 1994). Instead, the instant motion simply requests that the Court apply well-established Fourth Amendment standards and suppress evidence seized as a direct result of an illegal traffic stop. *See Lopez-Mendoza*, 468 U.S. at 1040-1041 (*citing Wong Sun v. United States*, 371 U.S. 471

3

(1963)) ("The general rule in a criminal proceeding is that statements and other evidence obtained as a result of an unlawful, warrantless arrest are suppressible if the link between the evidence and the unlawful conduct is not too attenuated.").  The defendant does not seek to have the fact that he is Daniel Gomes suppressed, but, rather, seeks to suppress illegally obtained evidence indicating that he was in the automobile at the time it was stopped.

### Conclusion

For the reasons stated above, this Court should suppress all evidence seized as a result of the illegal stop and search of the car which Gomes was driving on April 27, 2004.

DANIEL GOMES
By his attorney,

/s/  *John H. Cunha Jr.*
John H. Cunha Jr.
B.B.O. No. 108580
CUNHA & HOLCOMB, P.C.
One State Street, Suite 500
Boston, MA 02109-3507
617-523-4300

Dated: April 12, 2005

H:\Word\Crim\Gomes\Memo Suppress Stop.wpd

4