```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
        v.                    )
                              )
DANIEL GOMES and              )    CR. NO. 04-10195-PBS
MICHAEL PINA                  )
```

### GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO SUPPRESS EVIDENCE FROM ILLEGAL STOP AND SEARCH OF AUTOMOBILE ON APRIL 27, 2004

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan, and Assistant U.S. Attorney Donald L. Cabell, hereby opposes the defendants' motion to suppress.  The police were entitled to stop the defendants and determine who they were because the defendant Gomes failed to activate his directional light when turning.  Even assuming for the sake of argument that the traffic stop was improper, evidence of the defendants' identity is, as a matter of law, never suppressible, and no additional evidence was collected.  The Court should accordingly deny the motion without a hearing.

**Relevant Facts**[1]

The indictment charges the defendants with committing a number of drug offenses on various dates in 2004, including April

---

[1] The government expects the following evidence would be adduced at an evidentiary hearing were the Court to convene one. In the government's view, though, no hearing is necessary because, as discussed infra, evidence of the defendants' identities, the only evidence that arose as a result of the traffic stop, is always admissible even if the stop is found to be improper.

27, 2004.  On that day, a cooperating witness (CW) being monitored by law enforcement officers allegedly purchased cocaine from the defendants.  Just prior to the transaction, law enforcement officers surveilling defendant Pina's apartment watched him leave and enter a waiting Dodge Intrepid.  They simultaneously had the CW call defendant Pina on his cell phone to arrange a transaction, this one for $600.  Defendant Pina agreed to meet the CW near the intersection of State and Campbell Streets in New Bedford, which was not far from where defendant pina resided.

The CW went to that location and the Dodge Intrepid arrived minutes later.  The CW leaned into the car and conducted a transaction with "Mike" in the rear.  The CW subsequently confirmed that "Mike" was defendant Pina, and that defendant Gomes was driving.

Defendant Gomes drove away after the transaction was complete.  In turning from one street onto another, however, he failed to activate his directional, <u>i.e.</u>, he didn't use his "blinker."  New Bedford Police Officer Stanley Chabrek, who was patrolling nearby and had no connection to or knowledge of the drug transaction, observed the traffic violation and pulled the car over near to defendant Pina's residence.  Officer Chabrek approached the vehicle and asked the occupants for identification.  The rear passenger indicated that he was Michael

Pina and the driver identified himself as Daniel Gomes. Officer Chabrek, who did not search the vehicle or either defendant, declined to issue defendant Gomes a citation. Both men then entered defendant Pina's apartment

**General Principles of Law**

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. Traffic stops are considered seizures within the meaning of the Fourth Amendment. Delaware v. Prouse, 440 U.S. 648, 653 (1979). Even so, traffic stops are considered more like investigative detentions than formal arrests. Berkemer v. McCarthy, 468 U.S. 420, 439 (1984). For Fourth Amendment purposes, the legality of a traffic stop is analyzed under the standard set forth in Terry v. Ohio, 392 U.S. 1 (1968). This standard is a two-tiered reasonable suspicion inquiry: (1) whether the officer's action was justified at its inception, and (2) whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place. Terry, 392 U.S. at 19-20.

There is an exception, however. Even if the stop is found to be improper, i.e., unconstitutional, evidence of the defendant's identity is always admissible and never suppressible. As the Supreme Court held in INS v. Lopez-Mendoza, 468 U.S. 1032 (1984), the identity of a defendant "in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful

3

arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." Lopez-Mendoza, 468 U.S. at 1039; see also Navarro-Chalan v. Ashcroft, 359 F.3d 19, 22 (1st Cir. 2004).

**Argument**

Applying these clear and unambiguous principles to the present case, the defendants' motion must fail. Defendant Gomes's failure to properly signal a turn justified the traffic stop, and that in turn permitted the police officer to approach the car and ask the occupants their name. Delaware v. Prouse, 440 U.S. at 663. Even if the traffic stop were deemed to be improper, although it is hard to see how that could be, the only evidence yielded by the stop was the identity of the occupants, which is never suppressible as a matter of law.

**Conclusion**

Based on the foregoing, evidence of the defendants' identities is admissible regardless of the validity of the traffic stop. Accordingly, the Court should deny the defendants' motion without a hearing.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                By:

                              /s/Donald L. Cabell
                              DONALD L. CABELL

                                                Assistant U.S. Attorney