UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA      )
                              )
           v.                 )
                              )
DANIEL GOMES and              )    CR. NO. 04-10195-PBS
MICHAEL PINA                  )
```

## GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO SUPPRESS EVIDENCE OF AUTOMOBILE STOP

In its original opposition, the government argues, *inter alia*, that, even assuming that the police officers' traffic stop of the defendants' vehicle on April 27, 2004 were found to be unlawful, evidence of the defendants' respective identities is still admissible because evidence of a defendant's identity is never suppressible even if the stop or search or event leading to the discovery of the evidence is found to be unconstitutional. INS v. Lopez-Mendoza, 468 U.S. 1032, 1039-40 (1984)(holding that the identity of a defendant is not itself suppressible as fruit of an unlawful arrest.) The government submits this brief memorandum to make clear that, although Lopez-Mendoza arose in the context of a civil immigration deportation proceeding, the decision applies also to criminal non-immigration cases like the present one.

First, the Lopez-Mendoza Court itself emphasized through simple, clear and unambiguous wording that its holding was intended to apply also to "defendants" in criminal proceedings:

> The "body" or identity of a defendant or
> respondent in a criminal or civil proceeding

is never itself suppressible as a fruit of an
unlawful arrest even if it is conceded that
an unlawful arrest, search or interrogation
occurred.

Lopez-Mendoza, 468 U.S. at 1039-40.  Thus, courts have routinely

invoked Lopez-Mendoza in rejecting defendants' efforts to

suppress evidence of their identity as being tainted by an

unlawful stop, or in noting that such evidence would not be

suppressible.  See e.g., Navarro-Chalan v. Ashcroft, 359 F.3d 19,

22 (1st Cir. 2004)(identity of alien is never suppressible as a

result of 4th amendment violation); United States v. Garcia-

Beltran, 389 F.3d 864, 866 (9th Cir. 2004); United States v.

Perez-Perez, 337 F.3d 990 (8th Cir. 2003); United States v.

Roque-Villanueva, 175 F.3d 345 (5th Cir. 1999); United States v.

Mejia-Delgado, 42 Fed.Appx. 575 (4th Cir. 2002), 2002 WL 1751312

(regardless of the legality of the search warrant, evidence of

defendant's identity and presence in the United States not

suppressible).

     Further, although the majority of cases citing to Lopez-

Mendoza understandably involve immigration related prosecutions -

-there is, for example, virtually no other area in criminal law

where mere evidence of the defendant's identity alone is enough

to result in his conviction and deportation,  Lopez-Mendoza

imposes no such limitations in its scope. cf. United States v.

Del Toro Gudino, 376 F.3d 997, 1001 ("[t]he rule that identity

evidence is not suppressible is not limited to §1326 cases, [but]

its practical force is particularly great in this context.).  In
fact, other courts, both federal and state, have relied on Lopez-
Mendoza in non-immigration criminal proceedings to deny motions
to suppress evidence of the defendant's identity where the
underlying stop or search was arguably unlawful, or have noted
its applicability to such cases.  See United States v. Williams,
173 F.3d 431 (6th Cir. 1999), 1999 WL 96753, *3, (noting that
defendant's identity from illegal car stop not suppressible in
prosecution for Hobbs Act robbery and unlawful firearms
possession); United States v. Ramires, 172 F.Supp2d 1208, 1214
(D. Neb. 2001)(holding in prosecution for unlawful possession of
methamphetamine with intent to distribute that "defendants cannot
suppress the police officers' observations of them even if the
arrests were unlawful."); Schreyer v. Texas, ___ S.W.3d ___, 2005
WL 1793193, *11 (Tex.App. -Dallas); (aggravated assault); People
v. Winn, 2005 WL 1706923, *5 (Cal.App. 3 Dist.) (vehicular
manslaughter); Comby v. Mississippi, 901 So.2d 1282, 1288)(DUI
manslaughter); People v. Moya, 782 N.Y.S.2d 499, 500
(2004)(automobile theft); City of Columbus v. Pierce, 2001 WL
508303, *3 (Ohio App. 10 Dist.))(driving without valid license);
Gibson v. Maryland, 138 Md.App. 399, 415 (2001)(armed robbery and
burglary); Ware v. Florida, 679 So.2d 3, 4 (1996)(driving with
suspended license).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/Donald L. Cabell
DONALD L. CABELL
Assistant U.S. Attorney