```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

|                              |   |                            |
|------------------------------|---|----------------------------|
| UNITED STATES OF AMERICA     | ) |                            |
|                              | ) |                            |
| v.                           | ) | CRIMINAL NO. 04-10195-PBS  |
|                              | ) |                            |
| DANIEL GOMES and             | ) |                            |
| MICHAEL PINA,                | ) |                            |
|         Defendants.          | ) |                            |

**MEMORANDUM AND ORDER**

October 25, 2005

Saris, U.S.D.J.

Defendants Gomes and Pena move to suppress all evidence seized as a result of a stop of a vehicle driven in New Bedford on April 27, 2004. After an evidentiary hearing in which Officers Stanley Chaberek and Jason Gangi testified for the government and defendant Gomes testified for the defendants, the parties made supplemental submissions. After a review of the record, the court DENIES the motion to suppress.

<u>FINDINGS OF FACT</u>

On April 27, 2004, at about 4:30 p.m., New Bedford police officers Stanley Chaberek and Jason Gangi were on a routine patrol when they encountered a dark Intrepid at the corner of Pleasant Street and Willis Street. Both parties came to a stop

and the cruiser, which was marked, gestured to the Intrepid, indicating it could go first.  Then the cruiser followed the Intrepid as it went down Pleasant Street, took a right on Maxfield Street, a right on County Street and then a right on Sycamore Street.  At the intersection of County Street and Sycamore, the Intrepid did not put on its blinker as it took the right turn.  Otherwise, the car had been driven prudently.

   On Sycamore Street, the cruiser pulled the car over.  There were three men in the car.  When the rear passenger got out of the car, the police told him to return.  The driver told Chaberek that he was driving a vehicle that was rented to a female and showed him the rental forms.  Chaberek told him he shouldn't be driving a car rented to someone else.  Chaberek got a call from Detective Christopher Dumont as he was standing on the driver's side, and walked away from the vehicle to talk to him.  Chaberek learned that the men were under surveillance as part of a drug investigation, and was instructed to let the men go so as not to make them suspicious.  The police officers had intended to give a traffic citation.  Chaberek whispered to Gangi that they needed to "cut them loose".  Meanwhile, Gangi was on the passenger side taking down the men's names on a traffic pad.  Gomes gave Gangi his driver's license.  According to the police, the man who identified himself as Gomes was the driver, Mike Pina was the rear passenger, and the front passenger was Jeff Jackson.

   When the car was allowed to leave, no evidence was seized

and no citation was issued.  The car turned into the driveway at 26 Sycamore and the police testified that all three of the men got out and went onto the front porch of the apartment, which turned out to be Pina's residence.  The video surveillance demonstrates that in fact all three men entered the rear door not visible from the street.  The police were wrong on this point.

That night, Chaberek wrote a memorandum describing the stop at the request of another officer.  To write the memo, he had to ask Gangi for his traffic pad to get the men's names.  This event sticks out in Gangi's mind because he has never been told to let someone go before.

I find that both officers were credible when they said that Gomes did not put on his blinker.  Defendants point out that the Court should be skeptical of the officers' testimony:  why would a driver be so foolhardy not to put on his blinker with a marked cruiser tailing behind him?  However, defendants were driving to a pre-arranged drug transaction, and the driver may well have been nervous or distracted.  In any event, as the officers knew nothing about the ongoing drug transaction, they had no other reason for stopping the car in the afternoon other than a traffic violation.

## CONCLUSION OF LAW

I find that there was a reasonable basis for a traffic stop because the driver of the Intrepid did not use his blinker when making a turn.

/s/ Patti B. Saris
_____
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE