UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) ) ) | |
| v. | ) ) | No. 04-10195-PBS |
| **DANIEL GOMES** | ) ) ) | |

**MOTION FOR JURY VOIR DIRE**

The defendant, Daniel Gomes, moves this Court to conduct individual voir dire in the above-name case by using the proposed questions attached to this motion, which are designed to elicit responses that may indicate undue juror bias. The defendant further moves for limited individual attorney-conducted voir dire, for those juror candidates whom no consensus exists for excusal based on responses to questioning by the Court.

Voir dire conducted in this manner will thoroughly address key areas of possible juror bias without unduly prolonging jury selection. Thorough voir dire on bias is fundamental to selection of an impartial jury. A trial judge abuses his or her discretion under Fed. R. Crim. P. Rule 24(a) if the manner and scope of voir dire does not reasonably assure that prejudice would be discovered if present. See United States v. Gillis, 942 F.2d 707, 709-10, 710 (10th Cir. 1991).

Absent thorough voir dire, defendants cannot intelligently exercise their peremptory challenges. "The Sixth Amendment guarantees defendants the right to an impartial jury. The questioning of prospective jurors at voir dire is critical to preserving that right. 'Without an adequate voir dire, the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled.'" Rosales-Lopez v. United States, 451 U.S. 182, 188 (1981). Voir dire is the defendant's only

means to develop the information necessary to decide which jurors to challenge peremptorily or for cause. "While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable." Swain v. Alabama, 380 U.S. 202, 220 (1965).

Unless the method of examination of potential jurors is reasonably designed to elicit honest responses, defendants' right to select an impartial jury has little meaning. "[E]ffective voir dire must expose potential bias and prejudice in order to enable litigants to facilitate the impanelment of an impartial jury through the efficient exercise of their challenges." United States v. Noone, 913 F.2d 20, 32 (1st Cir. 1990). Formulaic questions addressed publicly to the venire on matters of ethnic prejudice and bias in favor of law enforcement officers do not communicate genuine judicial concern with the subject matter of the questions. Instead, they tend to merely elicit socially correct responses that reduce the process of jury selection to form over substance. Therefore, the defendant moves that individual jurors be asked the attached questions, in order to facilitate honest responses from members of the panel.

                                                  DANIEL GOMES
                                                  By his attorney,

/s/ *John H. Cunha Jr.*
John H. Cunha Jr.
B.B.O. No. 108580
CUNHA & HOLCOMB, P.C.
One State Street, Suite 500
Boston, MA 02109-3507
617-523-4300

Dated: October 6, 2006                                                       H:\Word\Crim\Gomes\Motion for Voir Dire.wpd