UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES | ) |
| v. | ) |
| MICHAEL PINA | ) |
| & | ) No. 04-10195-PBS |
| DANIEL GOMES | ) |

**MOTION FOR PRODUCTION AND INSPECTION OF NOTES TAKEN
BY GOVERNMENT COUNSEL AND AGENTS
DURING INTERVIEWS OFGOVERNMENT WITNESSES**

The defendants, Michael Pina and Daniel Gomes, respectfully move this Court, pursuant to its discovery order of June 24, 1996, Fed. R. Crim. P. 26.2, and 18 U.S.C. § 3500, to order production of notes taken by government agents and counsel during interviews of government witnesses, and any reports generated from those notes which have not yet been given to the defendants. Any such notes or reports could contain exculpatory information within the meaning of Giles v. Maryland, 386 U.S. 66 (1967), Brady v. Maryland, 373 U.S. 83, Giglio v. United States, 405 U.S. 150 (1972), and their progeny.

As grounds for this motion, defendant states the following:

1. Special Agent Brendan Hickey of the Bureau of Alcohol, Tobacco and Firearms testified before the Grand Jury in the above-named case on July 7, 2004, that he "cultivated witnesses" and "debriefed witnesses." Grand Jury Transcript, 7/7/04, at 5. Yet, the only information to date provided to defense counsel regarding witness statements have been the individual ATF reports of the alleged crack cocaine sales at issue in this case. During the

probable cause hearing on June 25, 2004, before Judge Swartwood, Agent Hickey indicated that the informants provided information that was not written in the incident reports but memorialized elsewhere. When asked under cross-examination about the existence of other reports, Agent Hickey replied that he did not have those reports with him. On re-direct, he told the government's attorney that there were no other reports.

    2.    Notes taken by government counsel are not insulated from production as Jencks material. To the contrary, in <u>Goldberg v. United States</u>, 425 U.S. 94 (1976), the Supreme Court rejected the government's argument that the Jencks Act includes "only statements given to a Government investigative or law enforcement agent during an investigation, and not those given to a Government trial attorney in preparation for trial." <u>Id</u>. at 102. Instead, the Court held, "nothing in the Act even remotely suggests that 'an agent of the Government' excludes Government lawyers." <u>Id</u>. at 102-103. Indeed, the Court added, the Act does not require that a statement, as defined in the Act, be made to a government agent. <u>Id</u>. at 103. The Court also rejected the government's argument that production of such notes would undermine the work product privilege, reasoning that production of notes falling within the Act's definition of statements would not disclose the government lawyer's thought process. <u>Id</u>. at 106. The Act itself contemplates claims of privilege, and permits redaction to address those found meritorious. Finally, the Court:

> recognized that a Government objection to production may require that the trial court inspect documents or hold a hearing to gather extrinsic evidence bearing on the extent to which the documents are statements producible under § 3500.

<u>Id</u>. at 108.

    3.    Notes taken during a witness interview may be "statements" within the meaning

of the Jencks Act or Rule 26.2 either because the witness "adopted or approved" the notes, see Goldberg, 425 U.S. at 100-101, or because "the notes were a substantially verbatim recital of [the witness'] words." United States v. Scotti, 47 F.3d 1237, 1248 (2nd Cir. 1995).

> Even if not an exact recording, the notes would be considered a substantially verbatim recital of the witness's statement if they 'could fairly be deemed to reflect fully and without distortion what had been said to the government agent' and thus be used to impeach the witness's testimony at trial.

Id. at 1249, quoting Palermo v. United States, 360 U.S. 343 (1959).

In order to be considered "substantially verbatim," the notes need not contain exact quotes. The First Circuit recently reiterated in United States v. Neal, 36 F.3d 1190, 1198 (1st Cir. 1994) that "'[a] longhand writing which the court found fairly followed the witness' words, subject to minor inconsequential errors' would fall within [18 U.S.C. § 3500](e)(2)." Id., quoting Campbell v. United States, 296 F.2d 527, 532 (1st Cir. 1961).

Even if the notes have been memorialized in an agent's report or some other memorandum, the notes themselves still are subject to production under Fed. R. Crim. P. 26.2 if they contain witness "statements." See Scotti, 47 F.3d at 1249. The rule requires disclosure of "any statement of the witness that is in [the parties'] possession and that relates to the subject matter concerning which the witness has testified." Rule 26.2 (emphasis added).

4.  To the extent that the notes contain exculpatory information, including but not limited to inconsistent statements, they should be produced whether or not they contain "statements" within the meaning of the Jencks Act or Rule 26.2. Discovery letters from the government regarding statements made by witnesses are insufficient; any records or reports of the pretrial interviews, including notes, should be produced.

3

| | |
|---|---|
| MICHAEL PINA<br>By his attorney, | DANIEL GOMES<br>By his attorney, |
| /s/ *Michael C. Andrews*<br>Michael C. Andrews<br>B.B.O. No. 546470<br>21 Custom House Street<br>Boston, MA 02110<br>(617) 951-0072 | /s/ *John H. Cunha Jr.*<br>John H. Cunha Jr.<br>B.B.O. No. 108580<br>CUNHA & HOLCOMB, P.C.<br>One State Street, Suite 500<br>Boston, MA 02109-3507<br>617-523-4300 |

Dated: October 6, 2006                               H:\Word\Crim\Gomes\Motion for Production of Government Notes.wpd