# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 04-10195-PBS** |
| | ) | |
| **DANIEL GOMES** | ) | |
| | ) | |

## MOTION FOR SUBPOENA AND PRODUCTION AND INSPECTION OF RECORDS

The defendant, Daniel Gomes, hereby moves this Court to compel Brian Gingras, a senior disclosure specialist with the Internal Revenue Service ("IRS"), to appear before the Court and produce the 2004 tax information which the Court ordered on August 25, 2006, for Dino M. DaCosta, a confidential witness in the above-named case.  Mr. Gingras wrote to the defendant's investigator in response to that court order that IRS internal regulations exempt the agency from producing exculpatory evidence in its possession – even though the material is required under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 105 (1972) –  if the IRS was not an investigating agency in the prosecution.

As the Court is aware, Mr. DaCosta signed an Informant Agreement on March 1, 2004, with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), in which he acknowledged a legal obligation to report as income any monetary compensation or other reward for his cooperation.  A failure to do so would constitute much more than a breech of contract; it would be a felony which the IRS has a stated mission to investigate.  Mr. DaCosta has a very long criminal record, with several prior incidents of robbery and larceny, and it is the defendant's right to discover if tax evasion should also be listed on Mr. DaCosta's record.  This information is directly relevant to his credibility and truthfulness as a government witness.

The regulation cited in Mr. Gingras' letter, attached hereto as Attachment A, states certain conditions in which this material can be released in a criminal prosecution in which the IRS is not an investigating agency.  As the defendant seeks no wider use for the tax records other than for the limited purposes of impeaching the government's witness, the defendant would assent to any protective order the IRS may seek to limit the use of Mr. DaCosta's 2004 tax information to the trial in the above-named case.  Further, the defendant suggests that when Mr. Gingras appears before this court with the 2004 tax return and any supporting documentation, the Court examine those records *in camera* and determine whether disclosure is warranted.

DANIEL GOMES
By his attorney,

/s/ *John H. Cunha Jr.*

John H. Cunha Jr.
B.B.O. No. 108580
CUNHA & HOLCOMB, P.C.
One State Street, Suite 500
Boston, MA 02109-3507
617-523-4300

Dated: October 6, 2006

H:\Word\Crim\Gomes\Motion for Production of Tax Return.wpd