

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

**SEP 2 0 2006**

John F. Nardizzi, Esq.
1 State Street, No. 500
Boston, MA 02109

Re: United States v. Daniel Gomes

Dear Mr. Nardizzi:

This is in response to your Order to Produce Tax Records pertaining to Dino M. DaCosta, SSN: 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, received in our office on September 19, 2006.

On September 20, 2006, I advised your office (leaving a message on your voicemail) that we are not able to honor your request regarding Mr. DaCosta's 2004 federal tax return and return information.

As a federal agency, the Internal Revenue Service (IRS) is required to provide exculpatory evidence in all criminal cases upon the request of the defendant. This is based on prior court decisions, namely, Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 105 (1972).

However, if the IRS is not one of the investigating agencies in the prosecution, there is no obligation pursuant to the Brady decision to provide any evidence that could be used to impeach a Government witness. Attorney Donald Cabell, representing the United States in this litigation, advised me that the Internal Revenue Service has not been involved in this investigation or litigation.

I have enclosed a copy of the Internal Revenue Service Disclosure of Official Information Manual cite (IRM 11.3.35.14), which addresses this issue.

If you have any questions, you may contact me at 617-316-2407 or by mail at the Internal Revenue Service, JFK Bldg., P.O. Box 9112, Stop 41150, Boston, MA, 02203. Please refer to case number 01-2006-03485.

Sincerely,

Brian Gingras
Senior Disclosure Specialist
Employee# 04-01105
Northeast Area, Boston

Enclosure

## Requests and Demands for Testimony and Production of Documents    11.3.35

11.3.35.14
(01-01-2006)
*Brady v. Maryland* and
the *Jencks* Act

(1)  In all criminal cases, the Government is under a constitutional obligation to disclose, upon the defendant's request, evidence material either to guilt or punishment (exculpatory evidence), *Brady v. Maryland*, 373 U.S. 83 (1963). This includes evidence which may be used to impeach a Government witness. *Giglio v. United States,* 405 U.S. 105 (1972). It also encompasses Henthorn material (credibility/integrity information on a Government employee who will be called as a witness).

(2)  The *Brady* rule does not however, require the Government to seek exculpatory material which is not already in its possession. The *Brady* decision does not require the Government to perform the defense's task of locating all exculpatory material; rather, the rule of the case is that if such material exists in the Government's files used for purposes of prosecuting the offense, the Government is prohibited from hiding such material from the defense.

(3)  If the IRS is not one of the investigating agencies in a prosecution, there are no *Brady* obligations and Government employees may not disclose information in response to a *Brady* based order. Counsel should be consulted regarding *Brady* based orders in cases where IRS is not one of the investigating agencies.

(4)  When the IRS discloses returns and/or return information in response to a *Brady* based order (can be written or oral but the sufficiency of an oral request should be coordinated with Chief Counsel), the IRS will seek a court order that limits the use of such information by the defendant to the particular proceedings. *U.S. vs. Moriarity*, 69-1 USTC paragraph 9212 (Ed. Wisc. 1969), sets out the guidelines for this order.

(5)  In such cases, the IRS will request that the judge inspect the returns and/or return information to determine whether disclosure to the defendant is constitutionally mandated.

  a.  The production of any information which may identify, directly or indirectly, a confidential informant depends on the facts and circumstances in each case.
  b.  Consideration must be given to such factors as the informant's relationship to the case, whether his/her life may be threatened by the disclosure, and the potential impact of nondisclosure on the Government's case.
  c.  It is the policy of the IRS to protect the confidentiality of informants and any decision to release such information to the judge or in court is a matter of extreme sensitivity.
  d.  If necessary, an IRS designee may testify about the contents of the returns and/or return information disclosed.

**Note:** The designee usually will not be permitted to testify or produce documents which may reveal third party information not subject to the order or which would tend to identify, directly or indirectly, a confidential informant.

(6)  The Jencks Act (18 USC 3500) relates only to pre-trial statements of Government witnesses in Federal criminal cases. Any such statements given to the Government which relate to the subject matter of the witness' testimony must be provided to the defense.

(7)  Disclosures of returns and return information under *Jencks* must be in a tax proceeding as provided in IRC 6103(h)(4)(D).