UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) ) ) | |
| v. | ) ) | No. 04-10195-PBS |
| **DANIEL GOMES** | ) ) ) | |

### DEFENDANT'S MOTION FOR SENTENCING

The defendant, Daniel Gomes, hereby moves this Court to sentence him in accord with the plea agreement reached with the government, and to recommend him for the 500 hour drug treatment program administered by the Bureau of Prisons (hereinafter "BOP").

**I       INTRODUCTION**

On October 12, 2006, Gomes pleaded guilty to the Indictment, which charged him with three counts of distribution of cocaine, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  *See* Presentence Report (hereinafter "PSR") ¶¶ A- D. A cooperating witness who purchased crack cocaine from Michael Pina on several occasions identified Gomes as having driven the car for transactions taking place on April 1, 2004, *id.* ¶ 9, April 6, 2004, *id.* ¶ 10-11, and April 27, 2004.  *Id.* ¶ 12.  On the day he pleaded guilty, Gomes signed a plea agreement with the U.S. Attorney's Office in which both parties agreed the proper sentence would be 84 months incarceration, followed by four years supervised release.  Plea Agreement, § 4 (a)-(d).

**II      ARGUMENT**

A  sentence of 84 months incarceration is reasonable for the offense conduct.  These were non-violent offenses and there was no indication Gomes profited in any way from the drug sales

or was more involved in them beyond driving the car. However, a sentence above the plea agreement's terms, such as a guideline sentence adjusted for other factors unrelated to the offenses at bar, would achieve an unusually harsh result in contradiction to the sentencing goals articulated in 18 U.S.C. § 3553(a)(2).[1] The plea agreement's sentence reflects the seriousness of the offenses, affords adequate deterrence to future criminal conduct, and adequately protects the public, *see id*. at ¶¶ A-C, without punishing Gomes more than is necessary to achieve the goals of sentencing.

The plea agreement sentence would also afford Gomes the opportunity to learn vocational skills he may lack, and receive the substance abuse care he needs. *See id.* at ¶ D; *see also* PSR ¶ 89 ("Gomes wants to stay away from drugs in the future, and, therefore, would be interested in future substance abuse treatment."). Gomes had a harsh upbringing and childhood, *see id.* ¶¶ 65, 66, 74,[2] which included exposure by his parents to drugs at an early age. His mother was addicted to crack cocaine, *id.* ¶ 67, and his father was a drug user who spent time in and out of jail. *Id.* ¶ 66. Gomes had few positive role models and, without responsible adult guidance, predictably got into trouble at an early age. He began using drugs himself, and by the time of his arrest he was smoking large amounts of marijuana daily, while also using Percocet, ecstasy and OxyContin. *Id.* ¶ 86. He also reported experimenting for a time with cocaine. *Id.* ¶ 66. Although he has participated in a 90-day substance abuse program at a state correctional

---

[1] As this Court is well aware, the mechanical use of the guidelines to set mandatory base offense levels and include enhancements not proven to a jury beyond a reasonable doubt is impermissible. *See United States v. Booker*, 543 U.S. 220 (2005)

[2] The PSR notes that a defendant's history and characteristics are to be considered as a sentencing factor, and that this Court may determine that Gomes' childhood and upbringing provide a basis for departure. PSR ¶ 127.

facility, Gomes needs a longer, more thorough program to break his drug addiction. A sentence by this Court which recommends he participate in the BOP's 500 hour drug treatment program would provide him with the help he needs to turn his life around.

**III    CONCLUSION**

For the reasons stated above, Gomes asks that the Court accept the plea agreement and sentence him to 84 months incarceration and four years supervised release. He furthers moves the Court to recommend him for the BOP's 500 hour drug treatment program.

>DANIEL GOMES
>By his attorney,
>
>*John H. Cunha Jr.*
>
>John H. Cunha Jr.
>B.B.O. No. 108580
>CUNHA & HOLCOMB, P.C.
>One State Street, Suite 500
>Boston, MA 02109-3507
>617-523-4300

Dated: January 5, 2007

H:\Word\Crim\Gomes\Sentencing Motion and Memorandum.wpd