# CUNHA & HOLCOMB, P.C.
## ATTORNEYS AT LAW

JOHN H. CUNHA JR.*
HELEN HOLCOMB
*Also Admitted in New York

CHARLES ALLAN HOPE
STEPHEN SUPER

ONE STATE STREET, SUITE 500
BOSTON, MASSACHUSETTS 02109-3507
617-523-4300
800-530-6777
FAX: 617-523-4350
CUNHA@CUNHAHOLCOMB.COM

July 20, 2007

The Honorable Patti B. Saris
Suite 6130
1 Courthouse Way
Boston, MA 02210

Re:   United States v. Daniel Gomes
      Crim. No. 04-10195-PBS

Dear Judge Saris:

Per your order, I have reviewed my submitted bills. The first bill covers the period between June 25, 2004 to December 31, 2005, when the CJA compensation rate was $90 per hour, and lists 104.4 hours under "Legal research and brief writing" on the CJA Form 20 cover sheet. The second bill, which lists 210.8 hours for "Legal research and brief writing," covers all time worked after January 1, 2006, and reflects the increased CJA compensation rate of $92 per hour. Given the order to "explain the 210 hours of legal research and brief writing . . .," it appears that this Court assumed that two bills were submitted for two distinct tasks, i.e., one for the motion to suppress briefing and the other for other case work, rather than to encompass two different time periods, as was the case.

The time expended for all research and to produce all the written material over the course of the two and a half years in which I represented Mr. Gomes – 315.2 hours – was noted under the "Legal research and brief writing" category on the two submitted CJA Form 20s. The data entry program I use for tracking time abbreviates the category as "CJA - legal research and writing," rather than the fully described "brief writing." Therefore, everything written over the course of 2½ years was listed in the legal research category, including all correspondence in the case, comprising approximately 74 hours for drafting 70 letters to the client, investigator, AUSA Cabell, the U.S. Probation Office, potential witnesses and experts, the administrators of the Plymouth County Correctional Facility and the Wyatt Detention Center, and the clerks' offices in both the U.S. District and New Bedford District Courts. Similarly, all motions and memoranda, including all pre-trial motions in your Court, three motions for new trial filed in the New Bedford District Court, and inter-office memoranda, comprising approximately 45 hours, were also included.

However, I also included in the research category 99.5 hours of trial preparation for time expended between September 16, 2006 to October 10, 2006, which perhaps would have been

[handwritten margin note: 7/30/07 Based on this letter, I approve this second bill. /s/ Patti Saris]

# CUNHA & HOLCOMB, P.C.

ATTORNEYS AT LAW ■

The Honorable Patti B. Saris
July 20, 2007
Page 2

more appropriately listed under another category, such as "Investigative and Other work," even though some legal research was conducted as part of my preparation, particularly on the issue crucial to Mr. Gomes, whether on the facts presented he was an aider or abetter. Also listed on the bill as "CJA - legal research and writing," was the considerable research/investigation into many aspects of the main witness against Mr. Gomes, which led to discovery of a video recorded statement given by that witness to the New Bedford police, which had not been provided by the government in discovery, and which contained exculpatory information; this recording proved helpful in resolving the matter during trial.

Although the factual and legal issues were not extraordinarily complicated, the trial preparation in question was more involved than normal because counsel for co-defendant Michael Pina was only assigned to the case three months before trial.[1] That meant mastering both defendants' cases, both to assist co-counsel in preparing for trial and to ensure adequate representation at trial, which bore fruit when the government agreed to a plea during trial.

The defendant's prior record was a major factor in the case proceeding to trial. The motion to suppress evidence was only one of several legal issues which required research. As stated in Counsel's Memorandum In Support of CJA Compensation, filed with this court on July 3, 2007, the client's prior convictions were a major obstacle to resolving the case (*see id.*, ¶ 2). In order to fully advise him, I needed to closely examine all the sentencing factors which could be used in his case, including the statutes under the U.S. Code, the sentencing guidelines, and the *Booker* and *Shepard* decisions and what impact if any they could have on a potential guideline sentence. It was necessary to draft and send him several very long, in-depth letters that fully explained why his prior convictions raised the potential sentence well beyond the ten-year minimum mandatory sentence, so that he could make an informed decision whether to plead or proceed to trial.

I prepared three motions for new trial (also billed to "CJA - legal research and writing"), and thereby successfully vacated prior convictions in New Bedford, which required hours of research and brief writing. Ultimately, I was unable to vacate enough prior convictions to remove him from the career offender category and bring his potential sentence below the mandatory minimum. Another issue requiring research, which did not result in a filed motion, related to potential *Daubert* issues pertaining to a voice-identification expert, since we challenged expected testimony from the cooperating informant that one of the voices recorded during one of the drug transactions was that of Mr. Gomes

---

[1] Michael Andrews was assigned to Mr. Pina's case on July 7, 2006, replacing Clifford Samuel Sutter, who, perceiving a potential conflict of interest, had stopped working on the case shortly after the beginning of 2006 when he began his ultimately successful political campaign for the office of Bristol County District Attorney.

CUNHA & HOLCOMB, P.C.

ATTORNEYS AT LAW ■

The Honorable Patti B. Saris
July 20, 2007
Page 3

    Although the case resolved during trial to a plea pursuant to Rule 11 ©) (1) ©), the guideline sentence determined by the probation department was considerably in excess of the proposed sentence of 84 months imprisonment,[2] with 48 months supervised release. Therefore, we researched and drafted a Sentencing Memorandum, which also included a requested recommendation by the Court to BOP for Mr. Gomes to participate in the 500 hour substance abuse program.

    Determining which category in which to record time expended is not always clear, and perhaps I have not given it sufficient thought. Having seen the resulting confusion, I will list in future bills all time spent drafting motions, correspondence, or other writings that are not specifically court briefs in the "Investigative and Other work" category. If the Court desires further response per the Order of July 16, 2007, please so advise me.

Very truly yours,

John H. Cunha Jr.

JHC/sps

H:\Word\Crim\AAClosed\Gomes\Letters\letter Judge Saris.wpd

---

[2] I believe the probation officer determined the guideline sentence to be 270 months, under a career offender designation, and the range could have risen to 360 months to life if no departures were given.