

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

October 12, 2006

John Cunha, Esq.,
Cunha & Holcomb, PC
Suite 500
One State Street
Boston, MA 02109

FILED
In Open Court
USDC, Mass.
Date 10/12/06
By

Re:   United States v. Daniel Gomes
      Cr. No. 04-10195-PBS

Dear Attorney Cunha:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Daniel Gomes ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in the above-captioned Indictment. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in counts three through five of the Indictment, and is in fact guilty of those offenses.

2. Penalties

Upon dismissal of the Information filed pursuant to 21 U.S.C. §851, which the U.S. Attorney agrees to do upon entry of judgment on counts three through five of the indictment, Defendant faces the following minimum mandatory and maximum penalties: a minimum mandatory term of imprisonment of five years and a maximum term of imprisonment of forty years, a fine of $2,000,000, and a term of supervised release of at least 4 years. Defendant also faces forfeiture of monies discovered during a search of Defendant's residence on or about June 24, 2004.

3. Sentencing Guidelines

The parties agree to jointly take the position at sentencing that Defendant is a Career Offender for purposes of the application of the United States Sentencing Guidelines. The parties agree that the Base Offense Level is 34 pursuant to U.S.S.G. §4B1.1(b)(B) because the statutory maximum for each offense is 40 years.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime; and/or

(I) Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. Agreed Disposition

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

(a) 84 months of incarceration;

(b) forfeiture of monies recovered during the search of Defendant's residence on

2

June 24, 2004;

(c)    mandatory special assessment of $300; and

(d)    four years of supervised release.

5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1)    Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2)    The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines or application of minimum mandatory sentences.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

3

7.    <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

8.    <u>Forfeiture</u>

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. §853 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate. The assets to be forfeited specifically include, without limitation, any monies recovered during the search of Defendant's residence on June 24, 2004. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's unlawful drug activity in counts three through five of the indictment. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

9.    <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

4

10.  **Withdrawal of Plea By Defendant**

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

11.  **Breach of Agreement**

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.

12.  **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13.  **Complete Agreement**

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

      If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Donald L. Cabell.

      Very truly yours,

MICHAEL J. SULLIVAN    *Michael K. Loucks*
United States Attorney    *Acting U.S. Attorney*

By: _____
    LAURA J. KAPLAN, Chief
    Violent & Organized Crime Section

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*[signature]*
Daniel Gomes
Defendant

Date: 10/12/06

I certify that Daniel Gomes has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*[signature]*
John Cunha, Esq.
Attorney for Defendant

Date: 10/12/06

7