UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 04-10195-PBS |
| ) | |
| DANIEL GOMES ) | |
| ) | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO REDUCE SENTENCE**

**Introduction**

The United States of America, by Michael J. Sullivan, United States Attorney, and Donald L. Cabell, Assistant United States Attorney for the District of Massachusetts, hereby opposes defendant Daniel Gomes' motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). The defendant is not eligible for a reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 because his sentencing guideline range was determined by the career offender guidelines and not the amended crack guidelines, and the sentence was in any event substantially lower than the career offender GSR and was imposed pursuant to a binding agreement of the parties pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C).

**Facts**

On October 12, 2006, the defendant pled guilty to Counts Three through Five of an indictment charging him with three counts of distribution of cocaine base. The defendant's guilty plea was tendered pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(e)(1)(C) (hereinafter "C plea" or "plea agreement").[1] Under the terms of the plea agreement, the government and the defendant agreed that the defendant was a "career offender" for sentencing

---

[1] In 2002, Federal Rule of Criminal Procedure 11 was amended, and former Rule 11(e)(1)(C) now exists, in substantively identical form, as Rule 11(c)(1)(C).

purposes. The plea agreement also contemplated the government's dismissal of an information filed pursuant to 21 U.S.C. § 851, and the parties agreed that the defendant statutorily faced a sentence of five to forty years in prison upon dismissal of the §851 notice. Finally, the parties agreed that, because the defendant qualified as a career offender under U.S.S.G. § 4B1.1, and because the statutory maximum for the defendant's offenses were 40 years, the resultant offense level was 34. Along with a CHC of VI, the resulting range was 210-262 months, which the JNC reflects the Court found to be the appropriate GSR.

Pursuant to the binding plea agreement, however, the government agreed to recommend a substantially lower sentence of 84 months, a reduction of *10 and a half years* off of the low end of the GSR.

On January 5, 2007, the defendant submitted a sentencing memorandum in support of a sentence of 84 months, arguing that such a sentence would be "reasonable" and consistent with the sentencing factors listed at 18 U.S.C. §3553(a).

On January 11, 2007, the Court conducted a sentencing hearing. The Court adopted the findings of the PSR, ruling that the defendant did qualify as a career offender, and therefore that the properly applicable GSR was 210-262 months. The Court then accepted the agreed-upon sentence in the binding plea agreement and sentenced the defendant to 84 months in prison.

**Discussion**

*General Standards*

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the

term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority (which include the 2007 crack amendments), and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1) In General. — In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions. — A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation. — Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The Commission specifically recognized that not all defendants convicted of crack-cocaine offenses would be entitled to resentencing as a result of the 2007 crack amendments. See U.S.S.G.

3

§1B1.10 (a)(2)(B) and Application Note 1(a) (a reduction is not consistent with this policy statement and is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment does not have the effect of lowering defendant's applicable guideline range, as in cases where the statutory mandatory minimum term of imprisonment controls).  Thus, under the plain terms of the statute and the guidelines, a defendant is not eligible for a reduction and the Court has no jurisdiction to impose a reduction unless "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual."  Id.; see also United States v. Hickey, 280 F.3d 65, 66-69 (1st Cir. 2002) (holding that "the district court was without jurisdiction, and therefore erred, in relying on the amendment to reduce appellee's sentence [under § 3582]" where defendant "was sentenced as a career offender [and therefore] the specific offense characteristics of his underlying offense . . .  were immaterial");  United States v. Conce, --- F. Supp. 2d ---, 2008 WL 2038901, at *2 (D.Mass. May 13, 2008) ("The plain language of section 3582(c) grants a court jurisdiction to modify a sentence only when the sentencing range under which the defendant actually was sentenced is reduced by the Sentencing Commission. . . . Amendment 706 did not decrease the sentencing range to which career offenders such as Conce are subject.  This Court thus lacks jurisdiction to entertain his motion").

*Application to this Case*

### 1. Because Defendant's Sentence Was Based on a Binding Plea Agreement, Not the Amended Crack Guidelines, He Is Not Entitled to Resentencing

The defendant's motion should be denied because his sentence did not rest on the amended crack guideline range, but on an express stipulation in his plea agreement, pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C), as to the final sentence.  As numerous courts have held, Section 3582(c) does not authorize district courts to entertain a motion for reduction of sentence based on

4

a retroactive guideline amendment where the defendant has entered and been sentenced pursuant to such a "C plea." United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996); United States v. Peveler, 359 F.3d 369, 377-79 (6th Cir. 2004); United States v. Hemminger, 114 F.3d 1192, 1997 WL 235838 (7th Cir. May 2, 1997) (unpublished). This is so because once the district court accepts a "C plea," it is bound to sentence the defendant according to the express agreement of the parties, irrespective of the district court's determination as to the proper guideline range, other sentencing factors, or the exercise of the district court's discretion. Peveler, 359 F.3d at 276-78; see also United States v. Moure-Ortiz, 184 F.3d 1, 4 (1st Cir. 1999) (Rule 11 "plainly contemplates that plea agreements executed pursuant to subdivisions (e)(1)(A) or (C) are binding on the district court."). As such, because a "sentence under a Rule 11(e)(1)(C) plea rests on the parties' agreement, not on a calculation under the Sentencing Guidelines," Hemminger, 114 F.3d 1192, at *1, a defendant sentenced pursuant to a 11(e)(1)(C) plea was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and therefore is not entitled to resentencing under Section 3582(c).

In recent months numerous district courts, relying upon the reasoning of the above cases, have denied motions brought under Section 3582(c)(2) based on the 2007 crack amendments, where the defendant was sentenced pursuant to a "C plea." See, e.g., United States v. Arroyo, --- F.Supp.2d ---, 2008 WL 2497430, at *1 (E.D.N.Y. June 18, 2008) ("Arroyo's stipulated sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' but rather a Rule 11(e)(1)(C) plea agreement which expressly limits a district court's authority to modify that agreement once it is accepted by the court. Therefore, this Court does not have the authority under Section 3582(c)(2) to modify Arroyo's sentence." (citations omitted));

5

United States v. Grigsby, --- F.Supp.2d ----, 2008 WL 2329134, at *3 (D.Colo. May 28, 2008) ("[A]lthough the sentencing guidelines may have influenced the stipulated sentence set forth in the Rule 11(e)(1)(C) plea agreement, Defendant's sentence rests squarely on the parties' agreement and not on a calculation under a sentencing guideline range that was subsequently lowered as required for the modification of a sentence pursuant to Section 3582(c)(2). . . . I therefore conclude that the Court does not have jurisdiction to address the merits of Defendant's motion."); United States v. Clayborn, --- F.Supp.2d ---, 2008 WL 2229531, at *1 (M.D.Pa. May 28, 2008) ("Section 3582 applies only to a defendant who has been sentenced '*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission,' not on a sentence the parties agreed to under Rule 11(c)(1)(C)."); United States v. Hines, --- F.Supp.2d ---, 2008 WL 2169516, at*2 (E.D.Tenn. May 22, 2008) ("[B]ecause the defendant in this case was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, Amendment 706 does not lower his sentencing range and the Court does not have the authority to reduce his sentence pursuant to 18 U.S.C. § 3582."); see also United States v. Frazier, --- F.Supp.2d ---, 2008 WL 2036827 (N.D.Iowa May 8, 2008); United States v. Gordon, --- F.Supp.2d ---, 2008 WL 901911, at *1 (E.D.Okla. March 31, 2008).

**2.    Because Defendant Was Sentenced as a Career Offender, He Is Not Entitled to Resentencing**

Even if the Court were to determine that defendant's "C plea" is not a bar to resentencing under Section 3582(c), the defendant is still not entitled to resentencing because he was sentenced as a career offender, and not pursuant to the portions of Section 2D1.1 altered by the 2007 crack amendment. The defendant's properly calculated guideline range was determined by the career offender provisions of U.S.S.G. § 4B1.1, which have not been amended. Pursuant to 18 U.S.C.

§ 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statements and its "exclusions" are clear and must be respected; under the plain terms of Section 1B1.10(a), a sentencing reduction under Section 3582(c) is not authorized in cases where an "amendment . . . does not have the effect of lowering the defendant's <u>applicable guideline range</u>." U.S.S.G. §1B1.10 (a)(2)(B) (emphasis added). Under the plain terms of the plea agreement, upon this Court's determination that the defendant was a career offender, the defendant's "applicable guideline range" was the career offender guideline of 210-262 months, which has not been lowered by the Commission. <u>See</u> Plea Agreement at 3 ("The parties agree to jointly take the position at sentencing that Defendant is a Career Offender..."). Where, as is the case here, application of the pertinent amendment does not result in a different applicable guideline sentencing range, no reduction of sentence may occur and the defendant's motion should be summarily denied. <u>United States v. Hickey</u>, 280 F.3d 65 (1st Cir. 2002); <u>United States v. Conce</u>, --- F. Supp. 2d ---, 2008 WL 2038901, at *2 (D.Mass. May 13, 2008).

In this case, the defendant's sentence did not rest on the provision regarding crack cocaine in section 2D1.1. Rather, the Court found that the defendant was a career offender but adopted the jointly recommended sentence of 84 months, which was not calculated at all based on any provision of section 2D1.1. As such, under the plain language of the plea agreement and case law interpreting Section 3582(c), the defendant was not sentenced pursuant an applicable guideline range that has subsequently been lowered by the Commission, and therefore is not entitled to resentencing.

Courts addressing the issue are unanimous in holding that a defendant who was sentenced pursuant to a guideline range determined by the career offender guideline, not the crack guideline,

is ineligible for a sentencing reduction. United States v. Conce, --- F. Supp. 2d ---, 2008 WL 2038901, at *2 (D.Mass. May 13, 2008); United States v. Martin, 2008 WL 1995090 (D.Kan. May 6, 2008); United States v. Biami, 2008 WL 1869108 (E.D.Wis. April 22, 2008); United States v. Gutierrez, 2008 WL 927564 (D.Conn. April 4, 2008); United States v. Thompson, 2008 WL 750563 (M.D. Pa. Mar. 19, 2008); United States v. McDougherty, 2008 WL 752597, *4-5 (C.D. Cal. Mar. 18, 2008); United States v. Williams, 2008 WL 762083, *7 (E.D. Ark. Mar. 18, 2008); United States v. Jones, 2008 WL 717684 (S.D. Fla. Mar. 17, 2008); United States v. Garcia, 2008 WL 725025 (E.D. Wash. March 17, 2008); United States v. White, 2008 WL 724171 (W.D.Va. March 17, 2008); United States v. Brantley, 2008 WL 718143 (M.D. Fla. Mar. 14, 2008); United States v. Manns, 2008 WL 723748 (W.D. Va. Mar. 13, 2008); United States v. Taylor, 2008 WL 697341 (W.D. Okla. Mar. 12, 2008) United States v. Nguyen, 2008 WL 447551 (D.Me. February 19, 2008); United States v. Rivera, 2008 WL 576764 (E.D. Pa. March 3, 2008)(also holds Booker is inapplicable, at *4); United States v. LaFrance, 2008 WL 447548 (D. Me. Feb. 19, 2008); United States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United States v. Turner, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

Finally, the fact that the Court departed downward from the career offender guidelines, as it was required to do pursuant to the agreement of the parties, is not sufficient to render the defendant's sentence based on the amended crack guidelines, because the defendant's status remained at all times that of career offender, and the applicable guideline range remained at all times the applicable career offender range (of 210-262 months), which was not affected by the 2007 crack amendments. Nowhere in the plea agreement, the defendant's sentencing memorandum, or the Court's Judgment does the agreed-upon 84-month sentence reference the crack guideline or Section

2D1.1.

### Conclusion

For the reasons set forth above, the government respectfully requests that this Court deny the Defendant's Motion to Reduce Sentence.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

                    */s/ Donald L. Cabell*
                    Donald L. Cabell
                    Assistant United States Attorney